IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY DAVIS MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERRIF'S DEPT., et al.,<br><br>Defendants. | No. 2:19-CV-1179-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (ECF No. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) the Sacramento County Sheriff's Department; and (2) Deputy Morgan. See ECF No. 1, pg. 2. Plaintiff's complaint concerns the conditions of his confinement at the Sacrament County Jail between December 2018 and February 2019. See id. at 3-5. Plaintiff raises three claims – an Eighth Amendment claim related to his housing, an Eighth Amendment excessive force claim, and a due process claim related to a disciplinary proceeding. See id.

Housing – Plaintiff, who says he is disabled and entitled to accommodations under the Americans with Disabilities Act (ADA), alleges that between December 20, 2018, and January 17, 2019, he was housed in a cell with a cellmate who is also disabled and has a chrono for a lower bunk. See id. at 3. As a result, plaintiff says he was forced to sleep on the floor with his head just inches away from the toilet. See id. According to plaintiff: "I have argued the fact that I need to be better accomadated [sic] for my disability but to no avail." Id. Plaintiff does not state to whom he "argued."

Excessive Force – Plaintiff alleges that defendant Morgan, a deputy at the Sacramento County Jail, "forcefully slammed" plaintiff to the ground during a cell move on February 13, 2019. Id. at 4. Plaintiff states he sustained physical injuries as a result. See id.

Disciplinary Hearing – Plaintiff states he received a "write-up hearing" on February 15, 2019, and was found guilty without being provided an opportunity to be heard. See id. at 5. According to plaintiff: "my statement was manipulated" and he was sent to segregation. Id.

2

## II. DISCUSSION

The court finds plaintiff's complaint alleges a cognizable Eighth Amendment excessive force claim against defendant Morgan. Otherwise, as discussed below, plaintiff does not allege sufficient facts to sustain an Eighth Amendment claim related to his housing or a due process claim arising from the disciplinary hearing.

### A. **Eighth Amendment Claims**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

#### 1. Housing

Here, plaintiff alleges constitutionally deficient housing conditions, specifically that his disability was not accommodated and, as a result, he was forced to sleep on the floor with his head inches from the toilet. While plaintiff has arguably alleged facts sufficient to show deficient living conditions, plaintiff has not linked those facts to any named defendant. He does not claim defendant Morgan was responsible for his housing placement. Nor does plaintiff state to whom he complained.

/ / /

To the extent plaintiff is claiming defendant Sacramento County Sherriff's Department is liable, plaintiff has failed to allege sufficient facts to establish municipal liability. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

In this case, plaintiff has not alleged that the housing conditions of which he complains were the result of any policy or custom adopted by defendant Sacramento County Sheriff's Department.

        2.      Excessive Force

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship

between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

In this case, plaintiff adequately pleads an Eighth Amendment excessive force claim against defendant Morgan. According to plaintiff, defendant Morgan forcefully slammed him to the ground during a cell move on February 13, 2019. Plaintiff states that he sustained physical injuries as a result. Construing plaintiff's claims liberally and presuming them to be true, the court finds these allegations sufficient to pass screening.

**B.    Due Process Claim**

With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974). Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56.

/ / /

/ / /

Plaintiff's due process claim, as currently pleaded, is deficient because he does not allege facts to link a constitutionally inadequate hearing process to any named defendant. While he claims his statement was manipulated by the hearing officer, plaintiff does not state who the hearing officer was or name any such individual as a defendant to this action. To the extent defendant Morgan was the hearing officer, plaintiff does not so allege.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable claim, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: June 28, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE