# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY DAVIS MORGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPT., et al.,<br><br>    Defendants. | No. 2:19-CV-1179-KJM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are the following motions: (1) plaintiff's motions for discovery (ECF Nos. 9, 13, and 17); (2) plaintiff's motion for an extension of time (ECF No. 18); (3) plaintiff's motion for the appointment of counsel (ECF No. 20); (4) plaintiff's motion for issuance of a summons (ECF No. 21); and (5) plaintiff's motion for leave to amend (ECF No. 23).[1]

/ / /

/ / /

/ / /

---

[1] Also before the court but addressed separately is plaintiff's "Motion to Prohibit Restrictions on Right to Counsel" (ECF No. 22).

1

## I. PROCEDURAL BACKGROUND

This action currently proceeds on plaintiff's original complaint, filed on June 26, 2019. See ECF No. 1. On July 1, 2019, the court issued a screening order identifying the following claims: an Eighth Amendment claim related to plaintiff's housing, an Eighth Amendment excessive force claim, and a due process claim related to a disciplinary hearing. See ECF No. 5, pg. 2. The court determined plaintiff's complaint stated a cognizable Eighth Amendment excessive force against defendant Morgan but otherwise failed to state any other claim against any defendants. See id. at 3-6. Plaintiff was permitted leave to file a second amended complaint and informed that the action would proceed on the original complaint against defendant Morgan if he failed to do so within the time provided. See id. at 6-8.

On July 15, 2019, plaintiff timely filed a first amended complaint. See ECF No. 7. Plaintiff then filed another pleading entitled "First Amended Complaint" on August 19, 2018. See ECF No. 11. On September 9, 2019, plaintiff filed a pleading entitled "Second Amended Complaint." See ECF No. 15. On September 9, 2019, plaintiff filed another pleading entitled "First Amended Complaint," see ECF No. 19, along with the pending motion for an extension of time, in which plaintiff seeks additional time to amend his claims, see ECF No. 18, and motion for leave to amend, see ECF No. 23.

## II. DISCUSSION

### A. Leave to Amend

Given the filings outlined above, the following three amended pleadings are before the court, all having been filed since the court issued the July 1, 2019, screening order:

Amended Pleading 1 – "First Amended Complaint" filed July 15, 2019.

Amended Pleading 2 – "Second Amended Complaint" filed August 19, 2019.

Amended Pleading 3 – "First Amended Complaint" filed September 9, 2019.

Amended Pleading 1 was apparently filed in response to the court's screening order and supersedes the original complaint. Amended Pleading 2 was filed as-of-right under Federal Rule of Civil Procedure 15 and supersedes Amended Pleading 1. Good cause appearing therefor,

plaintiff's motion for further leave to amend, filed with Amended Pleading 3 on September 9, 2019, will be granted. This action will proceed on Amended Pleading 3, which the Clerk of the Court will be directed to docket as plaintiff's second amended complaint.

Plaintiff's motion for an extension of time to amend will be denied as unnecessary because there is no indication plaintiff delayed in seeking responding to the court's screening order or seeking leave to amend.

The sufficiency of plaintiff's second amended complaint will be addressed by separate order.

### B. **Appointment of Counsel**

Pending before the court is plaintiff's motion for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

///

///

///

3

In the present case, the court does not at this time find the required exceptional circumstances. At the outset, the court notes that plaintiff's motion does not outline any reasons justifying the appointment of counsel. See ECF No. 20. Further, at this stage of the proceedings before any process has issued or defendant has answered, plaintiff is unable to demonstrate any likelihood of success on the merits. Finally, a review of the record demonstrates that plaintiff is capable of articulating his claims, which are neither factually nor legally complex, as demonstrated by the court's finding plaintiff has stated a cognizable Eighth Amendment excessive force claim and upon which the court is prepared to allow this action to proceed.

**C. Summons**

Upon screening of the operative second amended complaint, filed on August 9, 2019, the court will direct issuance of a summons if it concludes plaintiff continues to state a cognizable claim. Plaintiff's currently motion for issuance of a summons will, therefore, be denied as unnecessary.

**D. Discovery**

Plaintiff has filed a number of motions related to discovery. Because the case has not yet been put at issue with the filing of an answer to plaintiff's allegations, discovery is premature. Plaintiff is advised that, upon the filing of an answer, the court will issue a scheduling order outlining the procedures and deadlines related to discovery. In the meantime, plaintiff's motions will be denied as premature.

**III. CONCLUSION**

Accordingly, IT IS HERREBY ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 23) is granted;

2. Plaintiff's motion for an extension of time (ECF No. 18) is denied as unnecessary;

3. This action proceeds on plaintiff's amended complaint filed on September 9, 2019 (ECF No. 19), which the Clerk of the Court is directed to docket as plaintiff's second amended complaint;

4. Plaintiff's motion for the appointment of counsel (ECF No. 20) is denied;

5. Plaintiff's motion for issuance of a summons (ECF No. 21) is denied as unnecessary; and

6. Plaintiff's motions related to discovery (ECF Nos. 9, 13, and 17) are denied as premature.

Dated: September 24, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE