# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY DAVIS MORGAN, aka Sammy Davis Dewitt Morgan,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN, et al.,<br><br>Defendants. | No. 2:19-CV-1179-KJM-DMC-P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for preliminary injunctive relief. <u>See</u> ECF No. 22.

In his motion, entitled "Motion to Prohibit Restrictions on Right to Counsel," ECF No. 22, plaintiff seeks an order "directing the Sheriff of Sacramento County to remove the restrictions on the plaintiff's right to communicate confidentially with and have access to his counsel." <u>Id.</u> at 1. Plaintiff also seek an order granting him access to the library "and all of its materials. . . ." <u>Id.</u> More specifically, plaintiff seeks the following relief:

> Relief Sought: By this Motion I Sammy Morgan request an order that I shall be allowed unpaid, unmonitored telephone calls to my paralegal and other persons designated by counsel to assist on my behalf, which includes calls to the private investigator and my power of attorney. Also have access to institutional library and contents made available to indigent

1

detainees.

Id. at 2.

A review of the docket reflects that plaintiff was transferred into federal custody on or about December 30, 2019. See ECF Nos. 26 (notice of release from county detention) and 37 (notice of change of address to the Victorville Medium Federal Correctional Institution in Adelanto, California). Because plaintiff is no longer in county custody and his claims relate to the conditions of confinement in county custody, and because plaintiff has not alleged any expectation of being returned to county custody, plaintiff's motion is moot. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Based on the foregoing, the undersigned recommends that plaintiff's motion for preliminary injunctive relief, ECF No. 22, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 31, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2