# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY DAVIS MORGAN, aka Sammy Davis Dewitt Morgan, <br><br> Plaintiff, <br><br> v. <br><br> MORGAN, et al., <br><br> Defendants. | No. 2:19-CV-1179-KJM-DMC-P <br><br> <u>ORDER</u> |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are the following motions filed by plaintiff:

    ECF No. 25   "Motion for Joinder of Claims"

    ECF No. 26   "Confidential Ex Parte Application for Order Appointing Paralegal"

    ECF No. 31   "Motion Stipulated Protective Order"

    ECF No. 32 – "[Motion for] Order Extending Time for Court Proceedings"

Also before the Court is ECF No. 22 – plaintiff's "Motion to Prohibit Restrictions on Right to Counsel." This motion will be addressed by separate findings and recommendations.

/ / /

/ / /

1

The action currently proceeds on plaintiff's second amended complaint, filed on September 9, 2019.  See ECF No. 19; see also ECF No. 24 (order).  Plaintiff now names the following as defendants: (1) Sacramento County Main Jail; (2) Deputy Morgan; and (3) Sergeant Croteau.  See ECF No. 19, pg. 1.  Plaintiff no longer names the Sacramento County Sheriff's Department.  The Clerk of the Court will be directed to update the docket accordingly.  The sufficiency of plaintiff's second amended complaint will be addressed by separate order.

In his "Motion for Joinder of Claims," ECF No. 25, plaintiff seeks an "order to joinder claims" in this case (Morgan I) with those in Morgan v. Sacramento County Department of Health Services, et al., E. Dist. Case No. 2:19-CV-1600-CKD (Morgan II).  See id. at 1.

In Morgan II, plaintiff alleges deliberate indifference to his medical needs between May 2018 and March 2019 while he was incarcerated at the Sacramento County Main Jail.  See ECF No. 1 in Morgan II.  In Morgan I, plaintiff alleges he was improperly housed from December 2018 through January 2019.  See ECF No. 19 in Morgan I.  Plaintiff also claims in Morgan I that he was not provided accommodations under the American's with Disabilities Act in February 2019.  See id.  Finally, plaintiff alleges in Morgan I that his due process rights were violated in connection with a prison disciplinary proceeding.  See id.  None of the same defendants are named in the two cases.

Plaintiff's motion is construed as a motion to relate cases pursuant to Eastern District of California Local Rule 123.  Under Local Rule 123(a), cases are related within the meaning of the Rule when; (1) both actions involve the same parties and are based on the same or a similar claim; (2) both actions involve the same property, transaction, or event; (3) both actions involve similar questions of fact and the same question of law. . . .  None of these applies here.  Morgan I and Morgan II involve different sets of defendants, different legal claims, different events, and different timeframes.  The Court finds insufficient grounds to relate the cases.  Plaintiff's motion is denied.

/ / /

/ / /

/ / /

2

1 | In his "Confidential Ex Parte Application for Order Appointing Paralegal," ECF No. 26, plaintiff seeks appoint of a paralegal at court expense. See id. Plaintiff also seeks appointment of a private investigator. See id. at 2. The Court analyzes plaintiff's motion under the same standard for appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. According to plaintiff, court-appointed legal professionals are warranted because: (1) he is indigent; (2) he is detained; and (3) he cannot access video footage at the Sacramento County Jail. Plaintiff's indigency and incarceration are not exceptional circumstances. To the contrary, they are common to inmates pursuing civil rights claims. As to plaintiff's access to video footage at the Sacrament County Jail, as explained below, plaintiff is no longer in county custody.

///
///

3

1  Addressing the Terrell factors, plaintiff's filings reflect an ability to articulate his
2  claims on his own.  Moreover, at this stage of the proceeding before any discovery has been
3  conducted or filed in the context of a dispositive motion, the Court cannot say plaintiff has
4  demonstrate a likelihood of success on the merits.  Finally, the current record before the Court
5  does not reflect that plaintiff's claims are either legally or factually complex.  For these additional
6  reasons, plaintiff's motion for appointment of a paralegal and private investigator is denied.

7  In his "Motion Stipulated Protective Order," ECF No. 31, plaintiff purports to
8  submit a stipulated protective order regarding discovery of potentially confidential material.  See
9  Id.  First, the Court observes that no defendants have yet been served or appeared in the action.
10 Second, plaintiff's submission is not signed by any defendant or any counsel for any defendant.
11 For these two reasons, it is clear that plaintiff's submission does not in fact represent any
12 stipulation of the parties and the Court does not accept it as such.  Finally, to the extent plaintiff's
13 submission can be construed as a motion for entry of a protective order, any such motion is
14 denied for lack of showing as to plaintiff's efforts to meet and confer with defendants and the
15 legal basis for the requested relief.

16 In his "[Motion for] Order Extending Time for Court Proceedings," ECF No. 32,
17 plaintiff essentially seeks a stay of proceedings pending his upcoming sentencing on a federal
18 criminal conviction and transfer to federal custody.  See id. at 2.  A review of the docket reflects
19 that plaintiff was transferred into federal custody on or about December 30, 2019.  See ECF Nos.
20 26 (notice of release from county detention) and 37 (notice of change of address to the Victorville
21 Medium Federal Correctional Institution in Adelanto, California).  Plaintiff's motion is denied as
22 unnecessary.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

4

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate Sacramento County Sheriff's Department as a defendant to this action; and

2. Plaintiff's motions, ECF Nos. 25, 26, 31, and 32, are denied for the reasons explained above.

Dated: March 31, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE