IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY DAVIS MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN, et al.,<br><br>Defendants. | No. 2:19-CV-1179-KJM-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's "Motion to Amend Application for an Order of Court Appointed Counsel." (ECF No. 53).  While plaintiff's motion is less than clear, it appears he is seeking an order appointing either counsel or a paralegal to assist him with this case. Therefore, the Court construes plaintiff's filing as a motion for the appointment of counsel.  Also before the Court is plaintiff's motion to appoint a private investigator (ECF No. 56). Plaintiff is seeking a court-appointed private investigator "on the grounds that the assistance of this Private Investigator is necessary [for] the preparation of plaintiff [sic] motion to subpoena defendants to produce documents, information, or objects or to permit inspection of premises in a civil action." ECF No. 56, pg. 1. Because plaintiff wishes the Court to appoint an individual who can assist him in preparing legal documents and potentially make appearances on his behalf, the Court also construes this filing as a motion for the appointment of counsel.

1

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See <u>Terrell</u>, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See <u>id.</u> In <u>Terrell</u>, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

<u>Id.</u> at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. On September 24, 2019, the Court previously denied plaintiff's motion for appointment of counsel. In that order denying counsel, the Court stated:

> . . .At the outset, the court notes that plaintiff's motion does not outline any reasons justifying the appointment of counsel. See ECF No. 20. Further, at this stage of the proceedings before any process has issued or defendant has answered, plaintiff is unable to demonstrate any likelihood of success on the merits. Finally, a review of the record demonstrates that plaintiff is capable of articulating his claims, which are neither factually nor legally complex, as demonstrated by the court's finding plaintiff has stated a cognizable Eighth Amendment excessive force claim and upon which the court is prepared to allow this action to proceed.

ECF No. 24, pg. 4.

Plaintiff's current motions do not provide additional support. Plaintiff merely argues that he needs a skilled individual to assist him with his case because he is a layman at law. Therefore, the Court's previous analysis is equally applicable here.

///

2