1
2
3
4
5
6
7
8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SAMMY DAVIS MORGAN,                        No.  2:19-CV-1179-KJM-DMC-P

12                  Plaintiff,

13          v.                                  FINDINGS AND RECOMMENDATIONS

14   MORGAN, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983. Pending before the Court is plaintiff's "Motion to Prohibit Restriction on a

19   Right to Counsel & Legal Materials." See ECF No. 52. Plaintiff seeks an order from the Court

20   directing prison officials to grant him unrestricted telephone access and access to legal materials.

21   Therefore, the Court construes plaintiff's motion as a motion for injunctive relief.

22          The legal principles applicable to requests for injunctive relief, such as a

23   temporary restraining order or preliminary injunction, are well established.  To prevail, the

24   moving party must show that irreparable injury is likely in the absence of an injunction.  See

25   Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

26   Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

27   standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

28   controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

                                                  1

1    1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

2    likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

3    injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

4    interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,

5    however, issue an order against individuals who are not parties to the action.  See Zenith Radio

6    Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking

7    injunctive relief with respect to conditions of confinement, the prisoner's transfer to another

8    prison renders the request for injunctive relief moot, unless there is some evidence of an

9    expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);

10   Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

11          Here, plaintiff's motion for injunctive relief seeks an order that: "shall [allow]

12   unpaid, unmonitored telephone calls to [obtain counsel] to assist in [his] case and remove

13   restrictions on the right to access to legal materials [. . .]" ECF No. 52, pg. 3. Plaintiff's motion

14   suffers from three deficiencies. First, plaintiff makes no convincing argument that he has a right

15   to unrestricted access to either telephone calls or legal materials.[1] Plaintiff's motion is vague and

16   does not describe what sort of restrictions currently apply to his access to either telephone calls or

17   legal materials. To the extent plaintiff argues that the prison's restrictions violate his rights, it is

18   well established that correctional institutions have broad authority to regulate inmate access to

19   telephones and writing supplies in accordance with legitimate penological concerns. See Johnson

20   v. California, 207 F.3d 650, 655 (9th Cir. 2000) (right to telephone access "subject to reasonable

21   limitations arising from the legitimate penological and administrative interests of

22   the prison system."); also Williams v. Navarro, No. 3:18-cv-01318-DMS-RBM, 2019 U.S. Dist.

23   LEXIS 113947, at *10-12 (S.D. Cal. July 9, 2019) (plaintiff required to explain, with

24   particularity, how the deprivation of litigation supplies hindered his access to the courts).

25   / / /

26   / / /

27

28          [1]   By "legal materials," plaintiff means office supplies, stationary, and unlimited
     telephone access. See No. 52, pg. 7.

1      Second, plaintiff erroneously seeks injunctive relief against non-parties. Plaintiff

2 wishes the Court to issue an order mandating that Warden T. Justino and the Federal Bureau of

3 Prisons grant plaintiff unfettered access to phone communication and legal materials. See ECF

4 No. 52, pg. 1. However, neither T. Justino nor the Federal Bureau of Prisons are parties to the

5 current action. Therefore, even if plaintiff were entitled to the relief he seeks, the Court has no

6 authority to issue an order enjoining these non-parties. See Zenith Radio Corp., 395 U.S. at 112.

7      Third, plaintiff's motion fails to convincingly argue that he is likely to suffer

8 irreparable injury absent an injunction. It is incumbent on the party seeking injunctive relief to

9 demonstrate that irreparable harm is likely to occur. Here, plaintiff merely argues that he has

10 limited access to phone calls and legal materials and that this has put plaintiff at a "disadvantage"

11 in his case. ECF No. 52, pg. 5. Plaintiff does not describe the sort of irreparable harm he is likely

12 to suffer if he is not granted unfettered access to a telephone and legal materials.

13      Based on the foregoing, the undersigned recommends that plaintiff's motion for

14 injunctive relief, ECF No. 52, be denied.

15      These findings and recommendations are submitted to the United States District

16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

17 after being served with these findings and recommendations, any party may file written

18 objections with the court.  Responses to objections shall be filed within 14 days after service of

19 objections.  Failure to file objections within the specified time may waive the right to appeal.  See

20 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22 Dated:  August 12, 2020

23                           _____

24                           DENNIS M. COTA
                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28