**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMMY DAVIS MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN, et al.,<br><br>Defendants. | No. 2:19-CV-1179-KJM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for appointment of counsel. ECF No. 104. The Court has denied Plaintiff's three previous motions for appointment of counsel. See ECF Nos. 24, 69.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017.  Neither factor is

dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the United States Court of Appeals for the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Plaintiff moves for appointment of counsel because he cannot afford an attorney, has a limited understanding of the law, and because the factual and legal issues involved in this case are complex. ECF No. 104 at 1. He also moves for counsel because COVID-19-related lockdowns preclude access to the prison law library. Id. Plaintiff contends that the factual issues of his case are complex because it involves lacking accommodations under the Americans with Disabilities Act. Id. at 4. He argues that he has no ability to research the law or investigate claims and witnesses because he is incarcerated and because the prison law library is closed due to COVID-19. Id. He asserts that he is unable to handle discovery and cross-examination of witnesses at trial on his own. Id. at 4–5. Plaintiff also argues that the cases is legally complex because of the number of witnesses present difficult legal issues. Id. at 5. Finally, he concludes that the merits of the case—if proven—clearly establish constitutional violations. Id.

The Court recognizes unique difficulties of litigating from prison. The Court is mindful, too, that the enduring COVID-19 pandemic serves to exacerbate the plight of a pro se prisoner litigating a civil rights case. The Court, however, does not find *exceptional* circumstances warranting a request by the Court for assistance of counsel. The Court understands that restrictions on access to the law library due to COVID-19 make litigation challenging, but COVID-related lockdowns are not an exceptional circumstance. See, e.g., Riley v. Kernan, No. 16cv405-MMA-LL, 2020 WL 6149964, at *2 (S.D. Ca. Oct. 20, 2020); Pitts v. Washington, No. C18-526-RSL-MLP, 2020 WL 2850564, at *1 (W.D. Wash. June 2, 2020). Plaintiff has filed numerous motions and substantive filings over the course of the COVID-19 pandemic, and his ability to research and compose submissions for the Court has not been precluded.

2

The absence of legal education is also not an exceptional circumstance. Conditions common to all prisoners, such as lacking legal expertise, do not establish exceptional circumstances warranting appointment of counsel. See, e.g., Carroll v. Covello, No. 2:20-cv-1707-KJN-P, 2020 WL 7342292, at *4 (E.D. Ca. Dec. 14, 2020). Review of the docket indicates that Plaintiff has been able to articulate his claims on his own despite lacking legal expertise. Plaintiff has filed multiple motions and substantive filings that coherently and thoughtfully outline his requested relief. He has not demonstrated an insufficient grasp of his case or an inadequate ability to articulate his claims. See, e.g., Harrington v. Scribner, 785 F.3d 1299, 1309 (9th Cir. 2015). Moreover, Plaintiff alleges fairly straightforward Eighth Amendment cruel and unusual punishment and Fourteenth Amendment claims. See ECF No. 19. The factual and legal issues involved in this case are not unusually complex.

Furthermore, discovery is ongoing via pending motions to extend the time for dispositive motions. No dispositive motions have been filed as of the date of this order. The Court cannot say that Plaintiff has established a particular likelihood of success on the merits at the present stage of this case.

Plaintiff's motion for appointment of counsel (ECF No. 104) is **DENIED**.

IT IS SO ORDERED.

Dated:  January 26, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3