IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY DAVIS MORGAN, | No. 2:19-CV-1179-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 141, for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

1 | dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the
2 | Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment
3 | of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Notably, Plaintiff does not outline any circumstances to justify the appointment of counsel, let alone circumstances which could be considered exceptional.  See ECF No. 141.  Plaintiff merely states that his claims have merit and that counsel is necessary "to the preparation of Plaintiff [sic] further arguments. . . ."  Id.  A review of the docket in this case reflects that Plaintiff has been able to articulate his claims successfully on his own.  Further, this Court has recommended this action proceed on Plaintiff's excessive force claim, which is neither factually nor legally complex.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel, ECF No. 141, is denied; and

2. On the Court's own motion, the deadline to respond to the June 22, 2022, findings and recommendations is extended to 20 days from the date of this order.

Dated:  July 29, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2